WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Cassidy,<br><br>      Plaintiff,<br><br>v.<br><br>Carolyn W Colvin,<br><br>      Defendant. | No. CV-16-08286-PCT-ESW<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss (Doc. 8). Defendant asserts that this action must be dismissed for lack of subject matter jurisdiction. For the reasons set forth herein, the Motion (Doc. 8) will be denied.[1]

## **I. DISCUSSION**

### **A. Procedural History**

Plaintiff has filed two successive applications for disability insurance benefits under Title II of the Social Security Act.[2] Social Security denied Plaintiff's first application on April 30, 2012. (Doc. 8-1 at 5-7). Plaintiff did not request review of the denial that application.

On March 1, 2013, Plaintiff filed a second disability application, which alleged a

---

[1] The parties have consented to the exercise of Magistrate Judge jurisdiction. (Doc. 11).

[2] Plaintiff also filed an application for supplemental security income under Title XVI of the Social Security Act, which was denied in December 2011. (Doc. 8-1 at 8-14).

disability onset date of November 1, 2008. (Doc. 1-2 at 4). On May 26, 2013, Social Security denied the claim. (*Id.*). On August 12, 2013, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (*Id.*). Plaintiff requested a hearing before an ALJ. (*Id.*). On December 4, 2013, the assigned ALJ stated that she "compared the evidence considered in reaching the previous determination with that relating to the claimant's current claim" and "finds that no new and material evidence has been submitted . . . ." (*Id.*). After concluding that Plaintiff's second disability benefit application involved the same facts and issues as Plaintiff's first disability benefit application, the ALJ did not find it appropriate to reopen Plaintiff's first application. (*Id.*). The ALJ dismissed Plaintiff's request for a hearing regarding his second disability benefit application under the doctrine of res judicata. On September 26, 2016, the Appeals Council denied Plaintiff's request for review. (Doc. 1-5 at 1-2).

### B. Legal Standards

#### 1. Res Judicata

In *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988), the Ninth Circuit explained that "the principles of res judicata apply to administrative decisions," and "in order to overcome the presumption of continuing nondisability arising from the first [ALJ's] findings of nondisability," the claimant must prove "'changed circumstances' indicating a greater disability." Pursuant to 20 C.F.R. § 404.957(c)(1), an ALJ may dismiss a claimant's request for a hearing if "[t]he doctrine of res judicata applies . . . ." An ALJ "may not apply res judicata where the claimant raises a new issue, such as the existence of an impairment not considered in the previous application." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995) (citation omitted). "Nor is res judicata to be applied where the claimant was unrepresented by counsel at the time of the prior claim." *Id.* at 827-28.

#### 2. Subject Matter Jurisdiction

Pursuant to Federal Rule of Civil Procedure 12(b)(1), dismissal is appropriate when the Court lacks subject matter jurisdiction over a claim. Under the Social Security

Act, district courts have jurisdiction to review "any final decision . . . made after a hearing." 42 U.S.C. § 405(g). The Ninth Circuit has held that Social Security's decision not to reopen a previously adjudicated disability claim is a "purely discretionary decision and is therefore not considered a 'final' decision within the meaning of § 405(g)." *Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985) (citing *Davis v. Schweiker*, 665 F.2d 934, 935 (9th Cir. 1982)). "District courts, therefore, have no jurisdiction to review a refusal to re-open a claim for disability benefits or a determination that such a claim is res judicata." *Id.* However, a "district court has the jurisdiction to determine, and should determine, whether the claim precluded is the same as the claim previously determined." *Id.* (citing *McGowen v. Harris*, 666 F.2d 60, 66 (4th Cir. 1981) ("[U]pon a challenge to its jurisdiction on the basis that administrative res judicata has been applied in bar of a claim . . . , the district court has jurisdiction to determine, as appropriate, whether res judicata has properly been applied . . . .").

In addition, the Ninth Circuit has recognized that judicial review is available as to a non-final decision made by Social Security in "a case in which a claimant raises a colorable constitutional challenge to the Secretary's decision." *Panages v. Bowen*, 871 F.2d 91, 93 (9th Cir. 1989). Such a constitutional challenge "must relate to the manner or means by which the Secretary decided not to reopen the prior decision, rather than to the merits of the prior decision or the means by which that decision was reached." *Id.* A "mere allegation of a due process violation" is not a colorable constitutional claim." *Anderson v. Babbitt*, 230 F.3d 1158, 1163 (9th Cir. 2000) (citing *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1993)). The claim must be supported by "facts sufficient to state a violation of substantive or procedural due process." *Id.* (quoting *Hoye*, 985 F.2d at 992).

**C. Analysis**

Defendant asserts that the ALJ "appropriately dismissed Plaintiff's request for hearing due to *res judicata*." (Doc. 8 at 4). To support this assertion, Defendant has provided a Declaration of Nancy Chung, who is the Chief of Court Case Preparation and

Review Branch 1 of the Office of Appellate Operations at the Social Security Administration. (Doc. 8-1 at 1-4). Ms. Chung states that she has custody of Plaintiff's official file relating to his disability applications. (*Id.* at 3). Ms. Chung recounts the general procedural history regarding Plaintiff's disability insurance benefit applications, but does not detail whether the applications involved the same facts and issues. *See Trulson v. Com'r, Soc. Sec. Admin.*, 319 F. App'x 635 (9th Cir. 2009) "[A] new issue in a second benefits application will render res judicata inapplicable . . . ."). The Court finds that Defendant has failed to provide sufficient information from which the Court may determine whether the ALJ properly decided the res judicata issue. *See McGowen*, 666 F.2d at 66 ("In order to make this jurisdictional determination, the district court must have before it a record sufficient to determine the scope of the successive claims for res judicata purposes . . . ."). The Court will deny Defendant's Motion to Dismiss (Doc. 8). Defendant will be required to file an answer and the administrative record within thirty days of this Order.

In his Response (Doc. 12 at 3) to Defendant's Motion to Dismiss, Plaintiff states that he "will move for dismissal of this action" if the Court orders Defendant to file the administrative record. If Plaintiff does not move for dismissal of this action within thirty days after Defendant files an answer and the administrative record, Defendant may file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(h)(3). *See Augustine v. United States*, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983) (explaining that the issue of subject matter jurisdiction "may be raised by the parties at any time pursuant to Fed. R. Civ. P. 12(h)(3)," and concluding that the government's motion to dismiss for lack of subject matter jurisdiction filed after the government's answer was "properly before the court as a Rule 12(h)(3) suggestion of lack of subject matter jurisdiction"); *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880, n.3 (3d Cir. 1992) ("The distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party.").

## II. CONCLUSION

**IT IS ORDERED** denying without prejudice Defendant's Motion to Dismiss (Doc. 8).

**IT IS FURTHER ORDERED** that Defendant shall file an answer and the administrative record by **June 27, 2017**.

**IT IS FURTHER ORDERED** that if Plaintiff does not move for dismissal of this action within thirty days after Defendant files an answer and the administrative record, then Defendant may file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(h)(3) within thirty days thereafter. If neither party moves to dismiss this case, then the parties shall follow the briefing schedule set forth in the Court's December 21, 2016 Order (Doc. 6).

Dated this 26th day of May, 2017.

*/s/ Eileen S. Willett*
Eileen S. Willett
United States Magistrate Judge